﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 191023-40105
DATE: June 30, 2020

ORDER

Service connection for bilateral tinnitus is granted.

FINDING OF FACT

The evidence is at least in equipoise that the Veteran’s tinnitus was incurred or caused by his active duty service. 

CONCLUSION OF LAW

The criteria for service connection for bilateral tinnitus have been met. 38 U.S.C. §§ 1101, 1110, 1137, 1154, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from August 1967 to August 1973. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a July 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). In a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), received in October 2019, the appellant elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Service Connection 

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). 

As a general matter, establishing service connection requires competent evidence of (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303. 

Where a veteran served ninety days or more of active service and the evidence shows a "chronic disease" in service or "continuity of symptoms" after service, 

the disease shall be presumed to have been incurred in service. For the showing of "chronic" disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease shown as chronic in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, 

a showing of "continuity of symptoms" after service is required for service connection. 38 C.F.R. § 3.303(b). 

The Veteran is competent to report symptoms and experiences observable by his senses. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a). In relevant part, 38 U.S.C. § 1154 (a) requires that VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim for disability benefits. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 C.F.R.§ 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 

57-58 (1990). 

Service connection for bilateral tinnitus is granted. 

The Veteran asserts entitlement to service connection for tinnitus on the basis of his current diagnosis of tinnitus and his MOS as an Ordnance Mechanic which has a high probability of noise exposure. See VA Form 10182 Notice of Disagreement received 10/23/2019. 

The Board finds that the evidence is at least in equipoise that the Veteran’s tinnitus began in service since his MOS has a high probability of noise exposure, and he had low noise exposure in his post service profession as an anesthesia nurse. Therefore, the issue here is nexus. 

The Veteran has a current diagnosis of tinnitus as evidenced by the favorable finding in the September 2019 rating decision per the July 2019 VA examination report. See C&P Exam received 7/08/2019 page 5. Tinnitus is a condition that falls under 38 C.F.R. § 3.309(a). Walker, 708 F.3d 1331. Therefore, the presumptive provisions of 38 C.F.R. § 3.303(b) for “chronic” in-service symptoms and “continuous” post service symptoms apply. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); see also Fountain v. McDonald, 27 Vet. App. 258, 271 (2015) (holding that where there is evidence of acoustic trauma, the presumptive provisions of 38 C.F.R. § 3.309(a) include tinnitus as an organic disease of the nervous system). 

A July 2019 rating decision that granted service connection for bilateral hearing loss found favorably that the Veteran’s military occupational specialty of a mechanic is consist with exposure to hazardous noise in the military. 38 U.S.C. § 1154(a). The Board finds no reason to disturb this favorable finding. 38 C.F.R. § 3.104(c).

Regarding the third service connection element, the July 2019 examiner opined that the Veteran’s tinnitus was less likely than not caused by or the result of his in-service noise exposure on the basis of the Veteran’s statement that tinnitus “started at least in 2004 but maybe before” and the lack of in-service records. See C&P Exam received 7/08/2019 at page 5. 

The Veteran also provided a private medical opinion Dr. L.W. In the opinion, 

the Dr. L.W., a licensed audiologist, stated that the Veteran’s tinnitus was more likely than not caused or worsened by his in-service military noise exposure. 

See Medical Treatment Record received 2/19/2019 at page 4. As rationale, Dr. L.W. stated that the Veteran was primarily exposed to high noise levels during service. The Board notes that Dr. L.W. listed the date of onset as 1973, the year the Veteran separated from service. Id. at page 2. 

The Board gives more probative weight to the medical opinion of Dr. L.W. because although he did not have the benefit of review of the Veteran’s STR, his medical opinion documented and credited the Veteran’s competent statements of his medical history and his symptoms of tinnitus. See Charles v. Principi, 16 Vet. App. 370, 374 (2002) (finding that ringing of the ears is capable of lay observation). The VA examiner’s opinion is given minimal probative weight since it was largely based on the absence of confirmatory medical records. See Dalton v. Nicholson, 21 Vet. App. 23, 39-40 (2007) (holding that an examination was inadequate where the examiner did not comment on the Veteran's report of in-service injury and relied on the absence of evidence in the Veteran's service medical records to provide a negative opinion).

(Continued on the next page)

 

Accordingly, the Board finds that the evidence is at least in equipoise that the Veteran’s tinnitus was incurred or caused by his active duty service and has been continuous since that time. 38 C.F.R. §§ 3.102, 3.303. Therefore, service connection for tinnitus is warranted.

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Dixon, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.